UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:23-cv-00656-RJC-SCR

| | |
|---|---|
| TIERA JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| ) | |
| AMERASSIST A/R SOLUTIONS, ) | |
| INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on pro se Plaintiff Tiera Johnson's Motion for Entry of Default (Doc. No. 3).

Plaintiff filed this action on October 11, 2023. (Doc. No. 1). Plaintiff moved for entry of default on January 23, 2024. (Doc. No. 3).

The clerk must enter default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). Before entering default against a defendant, a court must be assured that the defendant has been properly served. This is because "a federal court cannot acquire in personam jurisdiction over a defendant who does not voluntarily appear unless he is served with process in a manner authorized by federal statute or rule." *Cent. Operating Co. v. Util. Workers of Am., AFL-CIO*, 491 F.2d 245, 249 (4th Cir. 1974). "Thus, the party seeking entry of default must produce sufficient evidence to demonstrate not only that the adverse

1

party has failed to respond, but also that they were properly served." *Das v. NC*, No. 322CV00561FDWDCK, 2023 WL 5088974, at *2 (W.D.N.C. July 18, 2023). "Except for service by a United States marshal or deputy marshal, proof of service must be by the server's affidavit." Fed. R. Civ. P. 4(l)(1)).

The Federal Rules of Civil Procedure provide that a corporation may be served "in the manner prescribed by Rule 4(e)(1) for serving an individual or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h). Under Rule 4(e)(1), service may be made by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." North Carolina law permits a plaintiff to properly serve a corporation by mailing a copy of the summons and of the complaint by registered or certified mail, return receipt requested, and addressed to an appropriate officer, director, or managing agent. *See* N.C. R. Civ. P. 4(j)(6). In this case, service is directed to a corporation in Ohio. Under Ohio law, service may be made "[u]pon a corporation either domestic or foreign: by serving the agent authorized by appointment or by law to receive service of process; or by serving the corporation at any of its usual places of business by a method authorized under [Ohio Civ. R. 4.1(A)(1)]; or by serving an officer or a managing or general agent of the corporation." Ohio Civ. R. 4.2(F). Rule 4.1 of the Ohio Rules of Civil Procedure permit service to be effected by mail. Ohio Civ. R. 4.1(A)(1).

In addition, under the federal rules, "[a]ny person who is at least 18 years old and not a party may serve a summons and complaint." Fed. R. Civ. P. 4(c)(2). "Therefore, even when service is effected by use of the mail, only a nonparty can place the summons and complaint in the mail." *Norton v. Columbus Cnty. Bd. of Elections*, 493 F. Supp. 3d 450, 458 (E.D.N.C. 2020) (cleaned up), *aff'd,* 834 F. App'x 54 (4th Cir. 2021); *see also Das v. NC*, No. 322CV00561FDWDCK, 2023 WL 5088974, at *2 (W.D.N.C. July 18, 2023).

Thus, Plaintiff's attempt to serve Defendant suffers from several deficiencies. Service mailed and simply directed to "Amerassist" was not proper, as it was not directed to the appropriate officer or agent. Further, Plaintiff—a party to this action—mailed the summons and complaint to Defendant herself, and as a result, service was defective under Rule 4(c)(2). Accordingly, Defendant was not properly served.

Further, even if Plaintiff had properly served Defendant, Plaintiff still must show, by affidavit or otherwise, that proper service of process has been made before default may be entered. *See* Fed. R. Civ. P. 4(l)(1) ("Unless service is waived, proof of service must be made to the court. Except for service by a United States marshal or deputy marshal, proof must be by the server's affidavit.").

Here, no affidavit is present as required by the rules. Plaintiff has provided a receipt from USPS showing that mail was sent from Plaintiff to Defendant via certified mail. However, the receipt does not allow the Court to conclude that proper service of Defendant has occurred.

3

Plaintiff is not entitled to entry of default because she has failed to properly serve Defendant, and to the extent that Plaintiff may have properly served Defendant, she has failed to offer proper proof of service. Accordingly, Plaintiff has not sufficiently raised the presumption that Defendant has received proper service of process and therefore cannot obtain entry of default against Defendant. Thus, Plaintiff's Motion for Entry of Default is denied. If Plaintiff wishes to proceed in this case, Plaintiff is directed to show good cause within twenty-one (21) days of entry of this order for failure to serve. Should Plaintiff fail to do so, the action will be dismissed.

**IT IS THERFORE ORDERED** that:

1. Plaintiff's Motion for Entry of Default, (Doc. No. 3), is **DENIED**; and

2. Within twenty-one (21) days of the entry of this Order, Plaintiff shall show good cause for failure to properly serve Defendant. Failure to do so will cause the Court to dismiss this case.

Signed: April 26, 2024

Robert J. Conrad, Jr.
United States District Judge